# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.   ) | Case No. CR-23-00114-PRW |
| ) | |
| GLEN DELANE ARNETT, JR., ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court are Defendant's Motion to Dismiss for Selective Law Enforcement/Selective Prosecution (Dkt. 59) and the United States' Response to Defendant's Motion to Dismiss (Dkt. 64). For the reasons stated below, the Court **DENIES** the motion.

### *Background*

On February 25, 2023, Sergeant Glover and Sergeant Kuhlman of the Oklahoma City Police Department's ("OCPD") Violent Crimes Apprehension Team ("VCAT") were patrolling the area surrounding a nightclub near NE 23rd Street and NE Grand Boulevard in Oklahoma City. Around 11:05 p.m., the officers drove through the nightclub parking lot and noticed an older driver in a parked vehicle. The officers parked at a gas station across the street and observed the vehicle remain in the parking lot for five minutes, during which time the driver never exited the vehicle. The vehicle then exited the parking lot and drove westbound on NE 23rd Street. The officers followed.

1

As the officers accelerated to catch up to the vehicle, they observed the vehicle turn right onto Miramar Boulevard without signaling the turn. Sergeant Glover thus turned on his emergency lights and conducted a traffic stop. During the stop, Sergeant Glover observed a pistol underneath the left thigh of the driver, Defendant Glen Arnett. The officers removed Mr. Arnett from the vehicle, and he acknowledged that he possessed the firearm and that he was a convicted felon. He then consented to a search of the vehicle. The officers recovered the firearm, 290.79 grams of marijuana that was separated into a number of plastic baggies, a digital scale with marijuana residue on it, and four working cell phones from the vehicle.

The officers arrested Mr. Arnett, and he was subsequently indicted for being a felon in possession of a firearm, possession of marijuana with intent to distribute, and possession of a firearm in furtherance of a drug-trafficking crime. On October 18, 2023, Mr. Arnett filed a Motion to Dismiss, arguing that the arresting OCPD officers inappropriately targeted him in violation of his Fourteenth Amendment equal protection rights.

## *Discussion*

Mr. Arnett, who is black, first argues that the traffic stop that led to his arrest was the result of racially selective enforcement of the law. Secondly, he presents a "class-of-one" claim, arguing that the arresting officers unlawfully singled him out for reasons unrelated to his race.

A. *Selective Law Enforcement*[1]

To establish a racially-selective law enforcement claim, the defendant must show that (1) an officer's actions had a discriminatory effect and (2) that a discriminatory purpose motivated the actions.[2] The discriminatory effect element requires the defendant to "make a credible showing that a similarly-situated individual of another race could have been, but was not, arrested . . . for the offense for which plaintiff was arrested."[3] To establish a discriminatory purpose, the defendant must show that discriminatory intent was a "motivating factor in the [officer's] decision" to enforce the law against the defendant.[4] "Discriminatory intent can be shown by either direct or circumstantial evidence."[5]

Mr. Arnett argues that the OCPD officer's actions had a discriminatory effect because the officers singled him out as an older male in a younger crowd and found it suspicious that he was parked at the nightclub. He also asserts that Sergeant Glover ascertained his race, influencing Sergeant Glover to initiate the traffic stop. But Mr. Arnett makes no attempt to show that the officers could have conducted a similar traffic stop on

---

[1] In Mr. Arnett's first argument, he uses the terms "selective enforcement" and "selective prosecution" interchangeably. Though these are distinct claims, the Court addresses them as one claim since the elements for each are "essentially the same." *United States v. Alcaraz-Arellano*, 441 F.3d 1252, 1264 (10th Cir. 2006).

[2] *Marshall v. Columbia Lea Reg'l Hosp.*, 345 F.3d 1157, 1168 (10th Cir. 2003).

[3] *United States v. James*, 257 F.3d 1173, 1179 (10th Cir. 2001).

[4] *Marshall*, 345 F.3d at 1168.

[5] *United States v. Alcaraz-Arellano*, 441 F.3d 1252, 1264 (10th Cir. 2006) (citation omitted).

some other person of another race who was engaged in similar conduct. He thus fails to show that the officers' actions had a discriminatory effect.

Mr. Arnett next argues that the arresting officers acted with a discriminatory purpose in following and stopping him because the officers observed that Mr. Arnett was black. Assuming the OCPD officers observed Mr. Arnett's race,[6] that alone is not evidence of discriminatory intent. Otherwise, there would be evidence of discriminatory intent in every traffic stop in which the officer observed the driver's race. Something more is needed and here there is nothing on the record to suggest that the officers' stated justification for stopping Mr. Arnett—the traffic violation he concedes he committed—was pretextual. Accordingly, Mr. Arnett has failed to establish either element necessary to establish a claim of racially-selective law enforcement.

B. *Class of One*

The Supreme Court has recognized that a claimant can establish an equal protection claim without alleging class-based discrimination if he "instead claims that [he] has been irrationally singled out as a so-called 'class of one.'"[7] To prevail on a class-of-one claim, the claimant must show "(1) that [he] has been intentionally treated differently from others similarly situated and (2) that there is no rational basis for the difference in treatment."[8]

---

[6] Sergeant Glover's police report does not mention Mr. Arnett's race. Because the police report notes that Mr. Arnett appeared to be slightly older, Mr. Arnett quite reasonably infers that Sergeant Glover must have also observed his race.

[7] *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 601 (2008).

[8] *Planned Parenthood Ass'n of Utah v. Herbert*, 828 F.3d 1245, 1253 (10th Cir. 2016) (internal quotation marks and citation omitted).

4

The claimant must "identify others similarly situated in every material respect."[9] Such a claim fails if there is "either a rational basis for the [challenged] treatment or a material difference between the plaintiff and others who were allegedly similarly situated."[10]

The Supreme Court has indicated that class-of-one claims may not be viable when the challenged government action "involve[s] discretionary decisionmaking based on a vast array of subjective, individualized assessments."[11] Mr. Arnett's class-of-one claim arises in the traffic stop context, which involves discretionary decisionmaking based on many subjective, individualized assessments. But even assuming a class-of-one claim is available in this context, Mr. Arnett has not met the burden of establishing such a claim.

Mr. Arnett identifies "the younger crowd" in the nightclub parking lot while he was parked there the night of February 25, 2023, as those who are similarly situated to him.[12] However, Sergeant Glover stated that he was suspicious of Mr. Arnett in part because he was older than those who typically frequent the nightclub. This age gap is a material difference between Mr. Arnett and those he identifies as similarly situated. Mr. Arnett also argues that the OCPD officers had no rational basis to treat him differently from the other nightclub patrons by following his vehicle. But Mr. Arnett has failed to establish that any of the individuals he claims are similarly situated exited the parking lot driving a vehicle in the short period of time the officers were observing the parking lot, thus presenting an

---

[9] *Id.* (internal quotation marks and citation omitted).

[10] *Id.* (internal quotation marks and citation omitted).

[11] *Engquist*, 553 U.S. at 603.

[12] Def.'s Mot. to Dismiss (Dkt. 59), at 5.

opportunity for the officers to similarly follow them for observation. Moreover, even if the officers had a similar opportunity follow other vehicles for observation, Sergeant Glover stated that he was suspicious of Mr. Arnett because he observed that Mr. Arnett was an older individual who remained in his car the entire time he was in the parking lot. These observations created a rational basis to treat Mr. Arnett differently from the other people at the nightclub. Mr. Arnett has thus failed to establish either element of a class-of-one claim.

## *Conclusion*

Accordingly, the Court **DENIES** Mr. Arnett's Motion to Dismiss.

**IT IS SO ORDERED** this 2nd day of November 2023.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE