IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-23-00114-PRW |
| | ) | |
| GLEN DELANE ARNETT, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court are ten motions filed by *pro se* Defendant Glen Delane Arnett, Jr. (Dkts. 156–165). For the reasons given below, the Court **DENIES** them (Dkts. 156–165).

**I.    The Court declines to consider Arnett's motion to dismiss for a third time.**

Most of Mr. Arnett's motions relate to his request that the Court to reconsider his motion to dismiss for selective law enforcement. (*See* Dkts. 156, 158, 161–62, 164–65). This is Arnett's second such request. (*See* Dkts. 126, 135). Mr. Arnett originally moved to dismiss for selective law enforcement on October 18, 2023. (Dkt. 59). On November 2, 2023, the Court denied the motion. (Dkt. 69). On November 17, 2023, a jury found Mr. Arnett guilty of one count of felon-in-possession. (Dkt. 81).

On August 2, 2024, Mr. Arnett filed what the Court liberally construed as a motion to reconsider the motion to dismiss in light of new evidence that Mr. Arnett did not possess until December 2023. (*See* Dkts. 126, 135). The Court reconsidered Mr. Arnett's motion and denied it again on September 9, 2024. (*See* Dkt. 154). Mr. Arnett now asks the Court to reconsider the motion again and requests a related evidentiary hearing.

A.    <u>Reconsideration for a second time is inappropriate.</u>

Mr. Arnett has not shown that the circumstances warrant reconsideration. Reconsideration of an issue may be appropriate if the court "has misapprehended the fact, a party's position, or the law."[1] "Specific situations where circumstances may warrant reconsideration include '(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."[2] A motion to reconsider does not provide a second bite at the apple, and should not retread arguments that were already made or that could have been made.[3]

After carefully reviewing all of Mr. Arnett's filings, the Court finds that he does not raise any such ground for why it should again reconsider his motion to dismiss. Instead, he directs the court to consider the trial transcript and the exhibits that he attached to his first motion to reconsider. (*See* Dkt. 165-1 (citing (Dkt. 126-1))). The Court already did so when it first reconsidered the motion to dismiss. (*See* Dkts. 126, 135, 154). Mr. Arnett therefore has not shown  that a third consideration is warranted, and the Court **DENIES** Mr. Arnett's Motion for Leave to File a Motion to Reconsider Motion for Selective Law Enforcement (Dkt. 162).

---

[1] *United States v. Huff*, 782 F.3d 1221, 1224 (10th Cir. 2015) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

[2] *Id.* (quoting *Servants*, 204 F.3d at 1012)).

[3] *Id.*

B.     Mr. Arnett has shown no cause for an evidentiary hearing.

Also, Mr. Arnett seeks an evidentiary hearing on his selective enforcement claim (Dkts. 156, 161, 165) for the second time, and he has filed a related ex parte application for a subpoena (Dkt. 158). "A defendant who claims he was targeted for prosecution because of race is entitled to discovery on that claim only if he presents '*some evidence tending to show* the existence of the essential elements of the [selective prosecution] defense, discriminatory effect and discriminatory intent.'"[4] Although a defendant "need not establish a prima facie case," the showing required of the defendant "to obtain discovery for a selective prosecution defense 'must itself be a significant barrier to the litigation of insubstantial claims.'"[5]

Here, as before, Mr. Arnett has not presented evidence tending to show either element of the selective prosecution defense. The evidence demonstrates that he was pulled over for a traffic stop that he admits he committed and that he was removed from the vehicle when a firearm was spotted under his leg. Accordingly, the Court **DENIES** the motions for an evidentiary hearing (Dkts. 156, 161, 165) and the related ex parte application for a subpoena (Dkts. 158).

Mr. Arnett also requests a *Batson* hearing. (Dkt. 164). In *Batson v. Kentucky*,[6] the Supreme Court recognized "the right to be tried by a jury whose members are selected

---

[4] *United States v. James*, 257 F.3d 1173, 1178 (10th Cir. 2001) (quoting *United States v. Armstrong*, 517 U.S. 456, 468 (1996)) (emphasis and alteration supplied by *James*).

[5] *Id.* (internal citations omitted) (quoting *Armstrong*, 517 U.S. at 464).

[6] 476 U.S. 79, (1986).

pursuant to nondiscriminatory criteria" under the Equal Protection Clause of the Fourteenth Amendment.[7] In order to receive relief under *Batson*, a plaintiff must first make a prima facie showing "that the prosecutor exercised a peremptory challenge on the basis of race."[8] Here, Mr. Arnett makes no such showing. Indeed, although he ostensibly seeks a *Batson* hearing, he clarifies that this motion is in relation to his selective enforcement claim. Thus, the Court **DENIES** the motion for a *Batson* hearing (Dkt. 164).

## II.    The Court denies Mr. Arnett's remaining motions as moot.

Mr. Arnett's remaining motions are moot. First, Mr. Arnett moves for leave to file a reply to the government's response to his first motion to reconsider his motion to dismiss for selective enforcement. (Dkt. 157). This motion was filed on September 18, 2024, nine days after the Court ruled on the matter (Dkt. 154), and nearly a month after the government filed its response (Dkt. 131). Thus, the motion for leave to file a reply (Dkt. 157) is moot, and the Court **DENIES** it.

Next, Mr. Arnett filed two more ex parte applications for subpoenas (Dkts. 159–160). The first aims to show that he received "the police report 2022-0091025 in the month of December 2023[.]" (Dkt. 159, at 1). This relates to the additional evidence that Mr. Arnett presented in his first motion for reconsideration of his motion to dismiss for selective law enforcement. (*See* Dkt. 126-1, at 3). The Court considered the evidence and assumed that Mr. Arnett did in fact receive the evidence in December 2023. The second is

---

[7] *Johnson v. Martin*, 3 F.4th 1210, 1219 (10th Cir. 2021) (citing *Batson*, 476 U.S. at 85–86).

[8] *Id.* (citing *Rice v. Collins*, 546 U.S. 333, 338 (2006)).

related to his Motion for acquittal or new trial (Dkt. 109), which the Court denied as untimely (Dkt. 154). (*See* Dkt. 160). Accordingly, both applications are moot. Therefore, the Court **DENIES** them (Dkts. 159, 160).

Finally, Mr. Arnett moves for a continuance of today's sentencing hearing to give the Court more time to consider the various issues that he raised. Because this Order resolves all pending matters, the Court **DENIES** the motion for continuance (Dkt. 163).

**IT IS SO ORDERED** this 4th day of October 2024.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE