### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GLEN DELANE ARNETT, JR., )<br>)<br>Defendant. ) | Case No. CR-23-00114-PRW |

## **ORDER**

Before the Court are Defendant Glen Delane Arnett, Jr.'s Motion to Reconsider for Selective Enforcement for Dismissal (Dkt. 171) and Supplemental Judicial Notice to Review the Evidence of Record Showing Selective Enforcement and Evidence of Record Showing Need of Evidentiary Hearing (Dkt. 172). For the reasons given below, the Court **DENIES** them (Dkts. 171–72).

This is the Court's fourth time to examine Arnett's requests that it reconsider its ruling on his Motion to Dismiss for Selective Law Enforcement. (*See* Dkts. 75, 154, 166). Reconsideration of an issue may be appropriate if the court "has misapprehended the fact, a party's position, or the law."[1] "Specific situations where circumstances may warrant reconsideration include '(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest

---

[1] *United States v. Huff*, 782 F.3d 1221, 1224 (10th Cir. 2015) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

1

injustice."[2] A motion to reconsider does not provide a second bite at the apple and should not retread arguments that were already made or that could have been made.[3]

This time, Arnett solely focuses on one line of the Incident Report from his arrest, which describes his ethnicity as "NOT OF HISPANIC [sic]".[4] But the record does not show that the Incident Report is new evidence previously unavailable to him. Arnett was initially represented by Mark L. Henricksen. (Dkt. 11). On August 23, 2023, Mr. Henricksen moved to withdraw as Arnett's attorney, citing disagreement on how best to proceed in the case. (Dkt. 28). Arnett agreed that Mr. Henricksen should withdraw. (Dkt. 30). The Court allowed Mr. Henricksen to withdraw, and on September 1, 2023, appointed Lance Phillips to represent Arnett. (Dkt. 31). On October 6, 2023, at a hearing on a motion to suppress, Arnett requested leave to proceed pro se, which the Court granted after conducting a *Faretta* hearing. (Dkt. 52).

Arnett represents that he received the Incident Report on November 9, 2023. (Dkts. 171–72). He makes much of the fact that this was after the deadline for filing pre-trial motions. Thus, liberally construed, he argues that the Incident Report is new evidence previously unavailable at the time he initially filed his motion to dismiss on October 18, 2023. This, however, does not indicate that the Incident Report was previously unavailable. Indeed, Arnett's motions indicate that Mr. Phillips had the Incident Report while representing Arnett. Accordingly, reconsideration of this issue is unwarranted.

---

[2] *Id.* (quoting *Servants*, 204 F.3d at 1012)).

[3] *Id.*

[4] Incident Report No. 2023-0013620 (Dkt. 126-1, Ex. 7), at 6.

Moreover, even if the Incident Report were newly discovered evidence, it does not call into question the Court's previous rulings. Arnett argues that its description of his ethnicity requires the Court to apply strict scrutiny. This is misguided. Instead, to establish a racially-selective law enforcement claim, the defendant must show that (1) an officer's actions had a discriminatory effect and (2) that a discriminatory purpose motivated the actions.[5] The discriminatory effect element requires the defendant to "make a credible showing that a similarly-situated individual of another race could have been, but was not, arrested . . . for the offense for which plaintiff was arrested."[6] To establish a discriminatory purpose, the defendant must show that discriminatory intent was a "motivating factor in the [officer's] decision" to enforce the law against the defendant.[7] "Discriminatory intent can be shown by either direct or circumstantial evidence."[8]

Liberally construed, Arnett argues that the Incident Report shows that the stop was predicated on Arnett's ethnicity. But Arnett points to no Hispanic individual who could have been, but was not, arrested for the offense for which Arnett was arrested. Thus, he has not shown either element of a racially-selective law enforcement claim.

As to Arnett's third request for an evidentiary hearing, he "is entitled to discovery on that claim only if he presents '*some evidence tending to show* the existence of the

---

[5] *Marshall v. Columbia Lea Reg'l Hosp.*, 345 F.3d 1157, 1168 (10th Cir. 2003).

[6] *United States v. James*, 257 F.3d 1173, 1179 (10th Cir. 2001).

[7] *Marshall*, 345 F.3d at 1168.

[8] *United States v. Alcaraz-Arellano*, 441 F.3d 1252, 1264 (10th Cir. 2006) (citation omitted).

essential elements of the [selective prosecution] defense, discriminatory effect and discriminatory intent.'"[9] Although a defendant "need not establish a prima facie case," the showing required of the defendant "to obtain discovery for a selective prosecution defense 'must itself be a significant barrier to the litigation of insubstantial claims.'"[10]

Here, as before, Arnett has not presented evidence tending to establish either element of the selective prosecution defense. The record shows that he was pulled over for a traffic violation that he admits he committed and that he was removed from the vehicle when a firearm was spotted under his leg. Accordingly, the Court **DENIES** the motions (Dkts. 171–72).

**IT IS SO ORDERED** this 11th day of October 2024.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[9] *United States v. James*, 257 F.3d 1173, 1178 (10th Cir. 2001) (quoting *United States v. Armstrong*, 517 U.S. 456, 468 (1996)) (emphasis and alteration supplied by *James*).

[10] *Id.* (internal citations omitted) (quoting *Armstrong*, 517 U.S. at 464).